# NO. 12-20-00107-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DENNIS ODELL METCALF,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Dennis Odell Metcalf appeals his conviction for manslaughter. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with murder by intentionally or knowingly causing the death of an individual by shooting him with a firearm or, with intent to cause serious bodily injury to an individual, committing an act clearly dangerous to human life that caused the death of the individual by shooting him with a firearm.[1] Appellant pleaded "not guilty," and a jury trial commenced. The court's charge included the lesser included offense of manslaughter, or recklessly causing the death of an individual by shooting him with a firearm. After the trial concluded, the jury found Appellant guilty of the lesser included offense of manslaughter, and found that he used or exhibited a deadly weapon, to wit, a firearm during the commission of the offense. Appellant also elected for the jury to assess punishment. After a punishment trial, the

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2019).

jury assessed Appellant's punishment at twenty years of imprisonment and a $10,000.00 fine.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

Appellant filed a pro se response, arguing that the State knowingly introduced false testimony from a witness, and that the State withheld exculpatory evidence, including a cellular telephone, a glove, shell casings, a backpack, and ammunition. He also contends that the trial court allowed what he described as "self-incriminating testimony" from a clinical psychologist at the punishment phase of the trial. And finally, Appellant argues that the State's attorney and witnesses violated the motion in limine by referring to the deceased individual as the "victim." We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave

---

[2] The offense of manslaughter is a second degree felony. *See* TEX. PENAL CODE ANN. § 19.04 (b) (West 2019). An individual guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. *See id.* § 12.33 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 22 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n.22.

Opinion delivered August 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2021**

**NO. 12-20-00107-CR**

**DENNIS ODELL METCALF,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0840-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*